**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL P. BARTLETT, | No. 16-35631 |
| Plaintiff-Appellant, | D.C. No. 4:15-cv-00004-SLG |
| v. | |
| LUIS A. NIEVES, in his personal capacity and BRYCE L. WEIGHT, in his personal capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted October 6, 2017
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

Plaintiff-Appellant Russell P. Bartlett appeals the district court's grant of

summary judgment to Alaska state trooper Defendants-Appellees Luis A. Nieves

and Bryce L. Weight on his § 1983 claims of false arrest, excessive force,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

malicious prosecution, and retaliatory arrest. We review the district court's grant of summary judgment de novo. *Garcia v. Cty. of Merced*, 639 F.3d 1206, 1208 (9th Cir. 2011). We affirm in part and reverse in part.

1. We affirm the district court's grant of summary judgment to the defendants on plaintiff's false arrest claim on the ground of qualified immunity. A two-part test applies to qualified immunity claims. Construing the facts in the light most favorable to the party alleging injury, the court must evaluate: 1) whether the officer violated a constitutional right; and 2) whether that right was clearly established at the time of the officer's actions. *See Lal v. California*, 746 F.3d 112, 116 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)).

Adopting Bartlett's version of the facts, we agree with the district court that defendants had at least arguable probable cause to arrest Bartlett for harassment, disorderly conduct, resisting arrest, or assault under Alaska law. When Sergeant Nieves initiated Bartlett's arrest, he knew that Bartlett had been drinking, and he observed Bartlett speaking in a loud voice and standing close to Trooper Weight. He also saw Trooper Weight push Bartlett back. Although Bartlett may have his own explanations for his actions, these explanations were not known to Sergeant Nieves; the test is whether "the information the officer had at the time of making the arrest" gave rise to probable cause. *John v. City of El Monte*, 515 F.3d 936,

2

940 (9th Cir. 2008). We agree with the district court that it did; a reasonable officer in Sergeant Nieves's position could have concluded that Bartlett stood close to Trooper Weight and spoke loudly in order to "challenge" him, provoking Trooper Weight to push him back. *See* Alaska Stat. § 11.61.120(a)(1). Therefore, we affirm the district court's grant of summary judgment to the troopers on Bartlett's false arrest claim.

2. We affirm the district court's grant of summary judgment to the troopers on Bartlett's excessive force claim on the ground of qualified immunity. In particular, Bartlett has failed to point to a case that clearly establishes that the troopers' limited use of force to effect his arrest was unconstitutional. Bartlett's references to *Young v. County of Los Angeles*, 655 F.3d 1156 (9th Cir. 2011), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007), are unavailing. In the present case, the troopers reacted quickly to a fluid situation and were faced with the undisputedly challenging circumstances of Arctic Man. These circumstances were not present in *Young* and *Blankenhorn*. Because the second prong of the qualified immunity test requires "a case where an officer acting under similar circumstances . . . was held to have violated the Fourth Amendment," and we are not aware of any such case, we agree with the district court that the officers are entitled to qualified immunity on Bartlett's excessive force claim. *See White v.*

*Pauly*, 137 S. Ct. 548, 552 (2017) (instructing that clearly established law must be "particularized" to the facts of the case).

3.  We also affirm the district court's grant of summary judgment on Bartlett's malicious prosecution claim.  To prevail on his malicious prosecution claim, Bartlett must show that the troopers prosecuted him: 1) with malice; 2) without probable cause; and 3) for the purpose of denying him a specific constitutional right.  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995).  Because we conclude that the officers had probable cause to arrest Bartlett, we affirm the grant of summary judgment to the troopers on this claim.

4.  We reverse the district court's dismissal of Bartlett's retaliatory arrest claim.  The district court dismissed this claim on the ground that the troopers had probable cause to arrest Bartlett.  However, we have previously held that a plaintiff can prevail on a retaliatory arrest claim even if the officers had probable cause to arrest.  *See Ford v. City of Yakima*, 706 F.3d 1188, 1195–96 (9th Cir. 2013) "[A]n individual has a right to be free from retaliatory police action, even if probable cause existed for that action.").

The Supreme Court's decision in *Reichle v. Howards*, 566 U.S. 658 (2012), does not foreclose this result.  In *Reichle*, the Court noted that it had not previously recognized a First Amendment right to be free from a retaliatory arrest supported

by probable cause, but did not conclude that a plaintiff must show lack of probable cause to make a retaliatory arrest claim. *Id.* at 664–65. Indeed, the Court emphasized that the rule that it announced in *Hartman v. Moore*, 547 U.S. 250 (2006), which held that a plaintiff cannot make a retaliatory *prosecution* claim if the charges were supported by probable cause, does not necessarily extend to retaliatory arrests. *Reichle*, 566 U.S. at 666–70.

We have since clarified that in the Ninth Circuit, a plaintiff can make a retaliatory arrest claim even if the arresting officers had probable cause. When the troopers arrested Bartlett at Arctic Man in 2014, it was clearly established that "an individual has a right to be free from retaliatory police action, even if probable cause existed for that action." *Ford*, 706 F.3d at 1195–96. Therefore, the district court erred in concluding that Bartlett's retaliatory arrest claim fails simply because the troopers had probable cause to arrest him.

Bartlett has potentially established a claim of retaliatory arrest in violation of the First Amendment because 1) he has "demonstrate[d] that the officers' conduct would chill a person of ordinary firmness from future First Amendment activity" and 2) the evidence that he has advanced would enable him "ultimately to prove that the officers' desire to chill his speech was a but-for cause of their allegedly unlawful conduct." *Id.* at 1193.

Regarding the first prong of the test, we have held that an arrest in retaliation for the exercise of free speech is sufficient to chill speech. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 917 (9th Cir. 2012). Regarding the second prong, we have held that, once a plaintiff has provided "sufficient evidence for a jury to find that the officers' retaliatory motive was a but-for cause of their action," "the issue of causation ultimately should be determined by a trier of fact." *Ford*, 706 F.3d at 1194. Construing the facts in the light most favorable to Bartlett, he has advanced sufficient evidence to meet this standard. Most importantly, Bartlett alleged that Sergeant Nieves said "bet you wish you would have talked to me now" after his arrest. This statement, if true, could enable a reasonable jury to find that Sergeant Nieves arrested Bartlett in retaliation for his refusal to answer Sergeant Nieves's questions earlier in the evening. We therefore conclude that the district court erred in granting summary judgment for the troopers on Bartlett's retaliatory arrest claim.

Each party to bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**